**JACOBS v. UNITED STATES (two cases).**

Court of Appeals of District of Columbia.

Submitted February 7, 1928. Decided March 5, 1928.

Petition for Rehearing on No. 4638 denied March 24, 1928.

Nos. 4638, 4639.

1. **Intoxicating liquors** ⊙⟹249—Search warrant, based on affidavit positively stating liquor was on premises, held not invalid because authorizing search during day or night.

Search warrant, issued on affidavit stating positively that intoxicating liquor was contained on premises described therein, *held* not invalid because of fact that search was authorized at any time of day or night.

2. **Indictment and information** ⊙⟹121(1)—Indictment alleging possession of liquor by defendant held sufficient, in absence of request for bill of particulars (National Prohibition Act, tit. 2, § 32 [27 USCA § 49]).

Under National Prohibition Act, tit. 2, § 32 (27 USCA § 49), indictment for possession of intoxicating liquor, charging defendant with possession on certain date, *held* not invalid on ground of indefiniteness, in absence of request for bill of particulars as authorized in such section.

3. **Indictment and information** ⊙⟹114—Indictment against party proceeded against for second or third offense must allege facts relied on.

Where a party is proceeded against for a second or third offense under the statute, and sentence prescribed is different from the first by reason of its being a second or third offense, fact thus relied on must be averred in indictment.

4. **Criminal law** ⊙⟹1202(3)—Record of prior conviction on April 17 held properly admitted to show second offense, though indictment averred conviction as of April 7.

In prosecution for possession of intoxicating liquors as a second offense, record of previous conviction on April 17 *held* properly admitted, though indictment averred such prior conviction to have been on April 7.

5. **Criminal law** ⊙⟹1202(3)—Record of prior conviction is sufficient as proof of second offense, in absence of evidence rebutting prima facie presumption arising from identity of names.

In prosecution for possession of liquor as a second offense, record of prior conviction, without proof of identity of defendant, *held* sufficient basis for conviction, in absence of evidence to rebut prima facie presumption arising from identity of names.

Appeal from Supreme Court of District of Columbia.

Isaac Jacobs and Lena Jacobs were convicted for the unlawful possession of intoxicating liquor, and they separately appeal. Affirmed.

T. M. Wampler, of Washington, D. C., for appellants.

Peyton Gordon and Raymond Neudecker, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appellants are husband and wife, and, according to the brief of their counsel, "the appeal is from the judgment based upon the verdict of the jury finding Isaac Jacobs guilty of the second offense of unlawfully possessing intoxicating liquor on the 26th day of March, 1926, and the verdict finding Lena Jacobs guilty of unlawfully possessing intoxicating liquor on the same day."

[1] Prior to the trial, appellants filed a motion to quash the search warrant because it "authorizes a search at any time of the day or night, and the affidavits in support thereof are not positive that the property to be searched for was upon the premises to be searched." The affidavits and testimony upon which the warrant was based were to the following effect: That the premises of the appellants at 1139 Seventh street, N. W., was occupied by them as a near-beer saloon and residence; that on the 18th of March, 1926, at about 9:15 p. m., Officer Blackwell, one of the affiants, purchased from Isaac Jacobs one-half pint of colored intoxicating liquor, paying therefor $1; that this liquor was ordered from Mrs. Jacobs, who had her husband get it from "upstairs." Affiant Blackwell further stated "that he is positive that intoxicating liquor containing one-half of one per centum or more of alcohol by volume which is fit for use for beverage purposes" is contained in the premises described in the search warrant. A search warrant issued under similar circumstances was sustained by this court in Maynard v. United States, 57 App. D. C. 314, 23 F.(2d) 141. That decision is controlling here. See, also, Dumbra v. United States, 268 U. S. 435, 45 S. Ct. 546, 69 L. Ed. 1032; Weeke v. United States (C. C. A.) 14 F.(2d) 398; Fry v. United States (C. C. A.) 9 F.(2d) 38.

[2] The indictment against each defendant charged that "on, to wit, the 26th day of March, in the year of our Lord 1926, and at the District of Columbia aforesaid, [the defendant] did unlawfully and feloniously possess a certain intoxicating liquor, to wit, whisky containing one-half of 1 per centum and more of alcohol by volume, the said liquor so possessed as aforesaid being then and

there fit for use for beverage purposes." This averment is challenged on the ground of indefiniteness.

Section 32, title 2, of the National Prohibition Act (41 Stat. 317 [27 USCA § 49]), provides that it shall not be necessary "in any affidavit, information, or indictment to give the name of the purchaser or to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful." The section further authorizes the trial court to direct "the furnishing the defendant a bill of particulars when it deems it proper to do so." No request for such a bill was made by these defendants. Certainly in such circumstances the indictment is sufficient. Horowitz v. United States (C. C. A.) 10 F.(2d) 286.

In the indictment against the husband, the first conviction of possessing intoxicating liquor was alleged to have occurred in the police court of the District of Columbia on or about April 7, 1923, and to have resulted in a sentence of a fine of $25, and, in default, to be committed to the Washington Asylum and Jail for a term of 30 days. The government introduced in evidence the records of a prior conviction on the 17th day of April, 1923, of the offense of the unlawful possession of intoxicating liquor, in which Jacobs was sentenced to pay a fine of $25, and, in default, to serve 30 days in jail. This record was objected to on the ground of variance, and the point is presented here, although no authorities are cited in support of the contention.

[3, 4] In a case where a party is proceeded against for a second or third offense under the statute, and the sentence prescribed is different from the first by reason of its being a second or third offense, the fact thus relied on must be averred in the indictment.

Rex v. Allen, Russ. & R. 513; Reg. v. Page, 9 C. & P. 756; 3 Whart. C. L. § 3417; 1 Bish. C. L. (6th Ed.) §§ 961, 963. But such an averment of prior conviction does not charge an offense. As stated by Lord Campbell in the case of Reg. v. Clark, 20 Eng. L. & Eq. Rep. 582: "It is only the averment of a fact which may affect the punishment. The jury do not find the person guilty of the previous offense; they only find that he was previously convicted of it, as an historical fact." It is apparent, we think, that Jacobs could have suffered no prejudice because of the averment in the indictment that his prior conviction was on the 7th, instead of on, as the record disclosed, the 17th, day of April, 1923. This is even more apparent, when it is considered that a similar discrepancy between the date upon which the second offense was alleged to have taken place and the date of its actual occurrence would not have constituted a variance.

[5] The further contention is made in behalf of Isaac Jacobs that there was no proof of the identity of the Isaac Jacobs named in the record of the prior conviction. It is the general rule that identity of names will be accepted as prima facie evidence of identity of persons. State v. Lashus, 79 Me. 504, 11 A. 180; State v. Bizer, 113 Kan. 731, 216 P. 303; State v. Court, 225 Mo. 609, 125 S. W. 451; Bayha v. Mumford, 58 Kan. 445, 49 P. 601. There being no evidence in this case to rebut the prima facie presumption arising from the identity of names, there was a sufficient basis for the verdict of the jury. Lau v. United States (C. C. A.) 13 F.(2d) 975; Harris v. United States (C. C. A.) 10 F.(2d) 358; Belcher v. Commonwealth, 216 Ky. 126, 287 S. W. 550.

The judgment in each case is affirmed, with costs.

Affirmed.