194 A.2d 657 (1963)
Abraham DOBKIN, Appellant,
v.
DISTRICT OF COLUMBIA, Appellee.
No. 3248.
District of Columbia Court of Appeals.
Argued September 23, 1963.
Decided November 4, 1963.
*658 Raymond W. Bergan, Washington, D. C., for appellant. Abraham Dobkin, Washington, D. C., was on the brief pro se.
John R. Hess, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.
Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).
CAYTON, Judge.
Appellant, a practicing lawyer, was convicted of violating the so-called Baby Broker Act. Code 1961, §§ 32-781 to 32-789. He contends (1) that the statute is unconstitutional and that the evidence did not support a conviction; (2) that the arrest warrant was invalid because based on hearsay evidence; (3) that he was illegally arrested at 12:30 a. m.; (4) that he was entitled to a continuance because the trial was extending into his Sabbath; and (5) that he was entitled to a jury trial.
We will consider together the claims of unconstitutionality and insufficiency of the evidence. The governing language of the statute, Code 1961, § 32-785 provides:
"No person other than the parent, guardian, or relative within the third degree, and no firm, corporation, association, or agency, other than a licensed child-placing agency, may place or arrange or assist in placing or arranging for the placement of a child under sixteen years of age in a family home or for adoption. * * *"
Appellant says the Act is vague and indefinite, and therefore unconstitutional. In two earlier cases, also involving lawyer defendants, we held that the standards prescribed in the Act were reasonable and clear, and conveyed a sufficiently definite warning as to conduct that will amount to a violation. We said:
"We think it plain that so long as the lawyer gives only legal advice; so long as he appears in court in adoption proceedings, representing either relinquishing or adopting parents; so long as he refrains from serving as intermediary, go-between, or placing agent; so long as he leaves or refers the placement of children and the arrangements for their placement to agencies duly licensed, he is within his rights under the statute. * * *" Goodman v. District of Columbia, D.C. Mun.App., 50 A.2d 812, 815; Anderson v. District of Columbia, D.C.Mun. App., 154 A.2d 717, 719.
The evidence against appellant was that a woman expecting a child contacted him and asked for help in placing the child for adoption; that appellant later called the expectant mother informing her that a couple from New York, who were interested in adopting her baby, would be in town and he arranged a meeting between them; that the New York couple gave him money to be used in supporting the expectant mother; that when the baby was born the mother contacted appellant who went to the hospital and had her sign adoption papers he had prepared; that appellant and the couple escorted the mother and the baby from the hospital, and the couple then took the child with them and the mother went home.
Appellant's testimony did not vary substantially from the above except that he stated after his meeting with the mother, he was contacted by the New York couple who said they knew of a woman in Washington who wanted to place her expected child for adoption. He said they gave him the name of the woman with whom he had already conferred. It is apparent that appellant's course of dealing showed him to be in violation of the statute and justified a conviction.
We find no validity in appellant's contention that the arrest warrant, because based on hearsay evidence, violated the Fourth Amendment and the Federal Rules of Criminal Procedure. It is settled that *659 an arrest can be made on the basis of hearsay evidence even if the arresting officer does not have a warrant, so long as probable cause exists. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.[1] Nor is there any basis for holding, as appellant would have us do, that the warrant of arrest should have been quashed because it was served upon him at 12:30 a. m. The circumstances of his arrest did not impair the jurisdiction of the court to try him. United States v. McNeil, D.C.Mun.App., 91 A.2d 849, citing Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541.
We next consider appellant's contention that his "right to religious freedom" was violated because he, a member of the (Reform or "liberal") Jewish faith, was forced to proceed with his trial after sundown on a Fridaythe advent of the Jewish Sabbath. We would agree at once that no man ought to be required to violate his conscientious religious scruples by submitting to trial on a day he actually observes as one of worship. But here, inquiring into the situation, the trial court learned from appellant that he actually went to his office and worked on Saturdays, and was justified in concluding that there was no valid religious basis for putting the trial over to another day. Other circumstances, including the fact that the trial had been, without objection, reset for that day and hour, indicate that there was no prejudice in this situation.
We now turn to appellants' claim that he was entitled to a jury trial. First, he relies on Code 1961, § 11-715a,[2] which provides that a defendant is entitled to a jury trial if the fine or penalty may be more than $300, or imprisonment may be more than ninety days. The maximum penalty for violating the Act is a fine of up to $300 or imprisonment up to ninety days, or both.[3] Appellant argues that in applying § 11-715a, we may add days to dollars and vice versa in determining whether the "more than" requirement of the statute has been met so as to entitle him to a jury trial. But we think it clear that when § 11-715a states that "the fine or penalty may be more than $300," the words "fine or penalty" refer only to money, and that similarly "imprisonment" in the following phrase refers only to time and not dollars. We adhere to the ruling made in Rogers v. District of Columbia, D.C.Mun.App., 31 A.2d 649, and hold that under the statute appellant was not entitled to a jury trial.
Appellant also argues that he is entitled to a jury trial because this was his second conviction under the same statute and hence he was liable to be subjected to a fine or imprisonment (or both) fifty percent greater than the maximum fine and imprisonment allowable for the first offense. He cites Code 1961, § 22-104, which states:
"Every person upon his second conviction of any criminal offense punishable by fine or imprisonment or both may be sentenced to pay a fine not exceeding fifty per centum greater, and to suffer imprisonment for a period not more than one half longer than the maximum fine and imprisonment for the first offense."
The real question is whether a defendant is subject to the fifty percent greater penalties just stated if he has not been given notice prior to trial that the prosecution will ask for the added penalties. Obviously it is imperative that a defendant have *660 knowledge of the penalty he may receive, because his right to a jury trial depends on the severity of the punishment. In second offender cases, knowledge of what penalty will be demanded rests solely with the government, and this places a duty on the government to impart such knowledge to the defendant in time for him to demand a jury trial. The importance of this is revealed in the instant case where liability to the fifty percent greater penalty would have enabled appellant to fall within § 11-715a. Since no notice was given to appellant that the government intended asking for the greater penalties, he was only subject to the penalty that could be imposed on a first offender.
This case is similar to Jacobs v. United States, 58 App.D.C. 62, 24 F.2d 890, decided in 1928, where the defendant had been tried for a second offense against the National Prohibition Act. The court said:
"In a case where a party is proceeded against for a second or third offense under the statute, and the sentence prescribed is different from the first by reason of its being a second or third offense, the fact thus relied on must be averred in the indictment. * * *" Id., 58 App.D.C. at 63, 24 F.2d at 891.
In essence the decision required that a defendant receive advance notice if the prosecution intended to ask that he receive a greater punishment because of his prior offense(s). That reasoning applies here.[4] If a defendant is to be subjected to the fifty percent greater penalty under § 22-104, he is entitled to notice of this prior to trial. Any other ruling in a case like that presently before us would enable the government to deprive a defendant of the right to a jury trial by not requesting the added penalties until time of sentencing. In this case the government gave no notice to appellant prior to trial that he might be subjected to the added penalties of § 22-104; consequently he could not have been subjected to them. Therefore, the penalties appellant could have received were not sufficient to entitle him to a jury trial.
Affirmed.
NOTES
[1] See also Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, where hearsay evidence was upheld as properly supporting the issuance of a search warrant.
[2] Code 1961, § 11-715a provides: "* * * In all cases where the accused would not by force of the Constitution of the United States be entitled to a trial by jury, the trial shall be by the court without a jury, unless in such of said last-named cases wherein the fine or penalty may be more than $300, or imprisonment as punishment for the offense may be more than ninety days, the accused shall demand a trial by jury, in which case the trial shall be by jury. * * *"
[3] Code 1961, § 32-788.
[4] This reasoning is not affected by what was said in Jordan v. United States District Court for Dist. of Col., 98 U.S. App.D.C. 160, 233 F.2d 362, and Jackson v. United States, 95 U.S.App.D.C. 328, 221 F.2d 883.