**Edward P. LAWRENCE, Appellant,**

v.

**UNITED STATES, Appellee.**

Nos. 3958, 3959.

District of Columbia Court of Appeals.

Argued Oct. 3, 1966.

Decided Nov. 28, 1966.

———◆———

Alvin D. Edelson, Washington, D. C., for appellant.

Geoffrey M. Alprin, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Arthur L. Burnett, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Following a trial by the court without a jury, appellant was convicted of petit lar-

ceny[1] and simple assault,[2] for which concurrent sentences were imposed.

## I

■ Initially appellant contests the admission into evidence of his offer to complainant to repay the stolen money. The record reveals that while the arresting officer was filling out administrative forms at the precinct in connection with appellant's arrest—after appellant had been informed of his right to counsel and of his privilege against self-incrimination—the officer overheard appellant offer to pay back the money. The complainant corroborated this conversation.

Clearly the statements by appellant were voluntary, spontaneous, and wholly independent of any interrogation by the arresting officer. In no way were they violative of the standards espoused in Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), or Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). They were not the product of deliberate and surreptitious subterfuge"[3] nor of "purposeful police interrogation without prior warning,"[4] but rather were given "freely and voluntarily without any compelling influence [and are], of course, admissible in evidence."[5]

## II

■ Appellant also argues that the trial court lacked jurisdiction to try him for the offense of petit larceny because, as a second offender, he was, under D.C.Code § 22–104,[6] subject to a penalty in excess

1. D.C.Code § 22–2202 (1961).

2. D.C.Code § 22–504 (1961).

3. Jackson v. United States, 119 U.S.App. D.C. 100, 104, 337 F.2d 136, 140 (1964).

4. Williams v. United States, 120 U.S.App. D.C. 244, 246, 345 F.2d 733, 735 (1965) (concurring opinion).

5. Miranda v. State of Arizona, 384 U.S. 436, 476, 86 S.Ct. 1602, 1630, 16 L.Ed.

2d 694 (1966). See also White v. United States, D.C.App., 222 A.2d 843 (1966).

6. Every person upon his second conviction of any criminal offense punishable by fine or imprisonment or both may be sentenced to pay a fine not exceeding fifty per centum greater, and to suffer imprisonment for a period not more than one half longer than the maximum fine and imprisonment for the first offense.

of the jurisdictional limitation of the District of Columbia Court of General Sessions.

The authority of the trial court to try an offense is founded not upon the penalty imposed after conviction but upon the penalty prescribed by statute for that particular offense. D.C.Code § 11–963(a) (Supp. V, 1966) confers upon the District of Columbia Court of General Sessions, concurrent with the United States District Court for the District of Columbia, jurisdiction of all offenses committed in the District "for which the punishment is by fine only or by imprisonment for one year or less." The penalty prescribed for petit larceny is a fine of "not more than $200 or [imprisonment] for not more than one year, or both." Thus the trial court was clearly empowered to try appellant for the charge of petit larceny.

In adopting § 22–104 Congress did not intend to remove from the jurisdiction of the lower court crimes otherwise within its cognizance but rather to give that court authority to impose heavier penalties when confronted with second offenders. Under appellant's theory, where a crime is punishable by a maximum imprisonment of one year, only first offenders could be tried in the Court of General Sessions; second offenders, subject to § 22–104, would have to be charged and tried in the Federal District Court. We find no basis for such a contention, which confuses the power of the court to try an offense with the supplementary authority to impose penalties beyond its original jurisdictional limitation in cases involving repeaters.

### III

■ Following trial, and upon questioning by the court, appellant admitted to prior convictions for petit larceny. In imposing an 18-month sentence on the present charge (six months beyond the maximum specified by § 22–2202), the trial judge stated he was doing so pursuant to § 22–104.

Although not urged in his brief, appellant argued before us that the additional six months' imprisonment was invalid because he was not given notice prior to trial that he would be tried as a second offender and sentenced in accordance with the provisions of § 22–104.

This question arose previously in Dobkin v. District of Columbia, D.C.App., 194 A.2d 657 (1963), and we ruled:

> Obviously it is imperative that a defendant have knowledge of the penalty he may receive, because his right to a jury trial depends on the severity of the punishment. In second offender cases, knowledge of what penalty will be demanded rests solely with the government, and this places a duty on the government to impart such knowledge to the defendant in time for him to demand a jury trial.

> This case is similar to Jacobs v. United States, 58 App.D.C. 64, 24 F.2d 890 * * In essence [that] decision required that a defendant receive advance notice if the prosecution intended to ask that he receive a greater punishment because of his prior offense(s). * * * 194 A.2d at 659–660.

We reaffirm the right of the defendant to be given notice of the government's intention to prosecute as a second offender and to ask for heavier penalties under § 22–104. *Dobkin* differs from the present case in that there appellant was not entitled to a jury trial as a matter of right for violation of the Baby Broker Act; but if he were to be sentenced under § 22–104, he could have demanded a trial by jury. Here appellant was entitled to and had originally asked for a jury trial, but later voluntarily withdrew this demand and chose to be tried by the court. At that time he had no knowledge he was to be sentenced under § 22–104.

It appears in the present case that the government had not intended to ask for the

additional penalty but that the court, after eliciting from appellant his prior criminal record, decided *sua sponte* to impose the additional penalty allowed for recidivists. We believe this was beyond the province of the trial judge and that it is for the prosecution alone to determine on what charge a defendant will be tried—whether as a first offender or as a second offender.

Absent timely notice that the provisions of § 22–104 would be invoked, appellant was subject only to the maximum penalty that could be imposed upon a first offender, and the additional six months' sentence on the petit larceny charge must be set aside.

## IV

▆ Appellant further contends there was insufficient evidence to support his convictions.

Our function is not to retry issues of fact but to resolve issues of law. We must adopt the facts and all reasonable and natural inferences therefrom in the light most favorable to the government. Where, as here, there is competent evidence in the record to substantiate the charges of simple assault and petit larceny, we have no recourse but to affirm. Campbell v. United States, 115 U.S.App.D.C. 30, 316 F.2d 681 (1963); Barnard v. District of Columbia, D.C.Mun. App., 125 A.2d 514 (1956).

Although the six months' additional penalty must be set aside, we are satisfied that, after allocution, the trial judge was authorized to give the maximum of one year for the petit larceny conviction. As it is to run concurrently with the one-year sentence on the simple assault conviction, there is no need to remand the case for resentencing upon the petit larceny conviction.

Affirmed with directions to vacate that part of the sentence in Case No. US 9840–65 (Appeal No. 3958) in excess of one year.