Tyrone R. YOUNG, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21504.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 17, 1968.

Decided Jan. 24, 1969.

Certiorari Denied April 28, 1969.
See 89 S.Ct. 1608.

Mr. J. Sumner Jones, Washington, D. C., with whom Mr. Richard P. Williams, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. William S. Block, Attorney, Department of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Mr. William G. Reynolds, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, PRETTYMAN, Senior Circuit Judge, and TAMM, Circuit Judge.

PER CURIAM:

Appellant seeks reversal of his conviction for robbery on the ground that identification evidence introduced at trial did not satisfy the requirements of due process under Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

The robbery of Eckington Liquor, Inc. was committed by a man wielding a chrome-plated revolver who made away with $181 in cash, including a $2 bill. The victim, a Mr. Pomerantz, called the police and told them the robber was "light-skinned, about five-foot-six to five-foot-nine, about 135 to 145 pounds, wearing a trenchcoat, dark sunglasses, and a dark hat." On the basis of this description, the police arrested appellant in

the vicinity a few minutes later and found a toy revolver and $181 in cash, including a $2 bill, in his pocket. He also had a trenchcoat over his arm, a dark hat in his hand, and a pair of dark glasses in his possession. The police took him straight to Pomerantz, who made a positive identification only after appellant was made to put on his hat, trenchcoat, and shades.

We are satisfied that this fresh on-the-scene identification, made immediately after the robbery, was admissible under our holding in Wise v. United States, 127 U.S.App.D.C. 279, 383 F.2d 206 (1967), cert denied, 390 U.S. 964, 88 S.Ct. 1069, 19 L.Ed.2d 1164 (1968). See also Bates v. United States, 132 U.S.App.D.C. ——, 405 F.2d 1104, (decided December 13, 1968). Obliging appellant to don his own apparel did not make the resulting identification less reliable; indeed, in the circumstances it is doubtful whether a reliable identification could have been made in the absence of any of the robber's distinctive accouterments. Due process · does not require that an eyewitness be able to recognize the culprit no matter how (or whether) dressed.

A few hours after the robbery, Pomerantz was shown two pictures of appellant, whom he again identified as the robber. He was not shown pictures of any other person. No testimony concerning this highly suggestive photographic viewing [1] was admitted into evidence, but appellant contends that the in-court identification may have been based upon it. Ordinarily, where an improper identification procedure has been employed, the question is whether a subsequent in-court identification had an "independent source." Clemons v. United States, 133 U.S.App.D.C. ——, 408 F.2d 1230 (en banc) (decided December 6, 1968). In the instant case, Pom-

erantz was admittedly unable to identify appellant even at the scene of the crime until he had put on his robber's costume. The identification made in court, where appellant was dressed in mufti, could not, therefore, have derived from any recollection of the robber's appearance at the time of the crime. Pomerantz was merely identifying appellant as the man he had identified before—whether on the scene or in the photographs or both. His in-court identification had no probative value independent of those other identifications, the first of which was already in the record and the second of which was inadmissible evidence.

A case in which the jury might erroneously have given independent weight to such an in-court identification would present a difficult question quite apart from any unnecessarily suggestive identification procedure which preceded it. Here, however, there is virtually no possibility that the jury was misled. When asked at trial how he could now recognize appellant without his identifying garb, Pomerantz candidly explained that

> after the sunglasses, the hat and the coat were removed [following the on-the-scene identification], I saw the gentleman's face, so, therefore, that is the same gentleman which I saw after the glasses, the coat and the hat were removed. It is the exact identical face.

The jury were thus told explicitly by the witness himself that his in-court identification tended to prove only the undisputed fact that appellant was the man he had identified at the scene of the crime. Accordingly, admission of that in-court identification, whatever its actual source, was not error affecting substantial rights.

Affirmed.

1. See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).