Richard ESTER, Appellant,

v.

UNITED STATES, Appellee.

No. 4762.

District of Columbia Court of Appeals.

Argued March 17, 1969.

Decided May 14, 1969.

Melvin M. Feldman, Washington, D. C., with whom Eugene J. Fitzpatrick, Washington, D. C., was on the brief, for appellant.

James A. Treanor, III, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and John J. McKenna, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted by a jury of assault and petit larceny and sentenced for an indeterminate period under the Federal Youth Corrections Act.[1]

■ Complainant, William Jackson, was in a liquor store making a purchase when he was approached by two strangers, one of whom asked him, "Would you buy me a drink?" Jackson, being somewhat apprehensive, bought them a half pint of wine, picked up his liquor, and left the store. These strangers followed Jackson and, when a short distance away from the store, one of them asked him if he had any more money. When Jackson said "No," he was assaulted by both men and robbed of $15. After Jackson extricated himself, he called the police from a nearby restaurant. The attackers waited in front of the restaurant but ran when the police arrived. Within a few minutes thereafter, appellant was found hiding on the ground alongside a house a few blocks from the scene of the crime. He was immediately identified at the place of arrest by Jackson as one of his assailants.[2]

---

1. Appellant's contention that the Federal Youth Corrections Act does not apply to the District of Columbia Court of General Sessions has been rejected in Harvin v. United States, D.C.App., 245 A.2d 307 (1968).

2. The testimony of on-the-scene identification was admissible under Russell v. United States, 133 U.S.App.D.C. ——, 408 F.2d 1280 (1969); Young v. United States, 132 U.S.App.D.C. ——, 407 F.2d 720 (1969).

**538**

The only claim of error which merits our comment concerns the cross-examination of appellant about his failure to make a pre-arrest exculpatory statement to the police and the prosecutor's reference to it in his closing argument.

Appellant's testimony in defense was that only one man assaulted Jackson and that appellant was actually trying to help him; that when Jackson entered the restaurant, appellant stood outside talking to the other man involved in the scuffle; that the other man ran when he saw the police and appellant ran after him—not to evade the police, but only to question the other man about the fight; and that appellant was mistakenly identified as an assailant.

The Government sought to discredit appellant's testimony by inquiring on cross-examination whether he waited or ever thought to wait at the restaurant and tell the police that he witnessed the assault rather than run after the man. The prosecutor, over the objection of appellant's counsel, elicited a negative answer on this point and made references to it in his closing argument. Appellant contends that such cross-examination and comments to the jury concerning his failure to make any pre-arrest statements were improper. We disagree.

■ *Miranda*,[3] which was cited by appellant to support his position, prohibits comments on an accused's failure to make an exculpatory statement *after* he has been arrested or is under police custodial interrogation.[4]

■ In the instant case, the objected-to cross-examination of appellant and related comments to the jury were limited to the course of action taken by appellant when he was in front of the restaurant and saw the arrival of the police. At that time he was neither under arrest nor under custodial interrogation. Such cross-examination and comments to the jury were proper since they related to credibility and flight of appellant.

We have carefully examined the entire record and find no error.

Affirmed.

3. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 n. 37 (1966).

4. See Gillison v. United States, 130 U.S. App.D.C. 215, 399 F.2d 586 (1968); United States v. Mullings, 364 F.2d 173 (2d Cir. 1966); Helton v. United States, 221 F.2d 338, 341 (5th Cir. 1955).