Leon R. CURTIS, Appellant,

v.

UNITED STATES, Appellee.

No. 5156.

District of Columbia Court of Appeals.

Argued April 21, 1970.

Decided Aug. 14, 1970.

Leonard I. Rosenberg, Washington, D.C., appointed by this court for appellant.

Kenneth M. Robinson, Asst.U.S.Atty., with whom Thomas A. Flannery, U.S.Atty., John A. Terry and Richard Stukey, Asst. U.S.Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

HOOD, Chief Judge:

Appellant, accompanied by counsel appeared in open court and tendered a plea of guilty to a charge of petit larceny.[1] Before accepting the plea, the trial court properly made personal inquiry of appellant in the following manner:

Q. Mr. Curtis, you are charged with petit larceny. How do you plead to this charge, guilty or not guilty?

A. Guilty.

Q. Mr. Curtis, did you on or about December 20, 1968 take and carry away with the intent to steal, certain property of value consisting of four men's shirts, the property of Peoples Drug Stores, Inc?

A. Yes.

Q. In entering your plea of guilty, are you entering it of your own free will? Is anyone making you or forcing you to enter this plea of guilty.

A. No.

1. D.C.Code 1967, § 22–2202.

Q. Mr. Curtis, are you entering this plea of guilty because you are guilty and for no other reason? Did you take four shirts from Peoples Drug Store?

A. Yes.

Q. Mr. Curtis, do you realize that you can receive up to 360 days in jail for this offense? Do you still wish to enter your plea of guilty?

A. Yes.

The court will accept your plea of guilty.

The next day appellant was committed to the Youth Corrections Center at Occoquan, Virginia, pursuant to the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq. (hereafter referred to as Act), for evaluation to determine whether he should be sentenced under the Act. Thereafter, appellant again appeared before the same trial judge who then indicated he was about to sentence him under the Act. Appellant objected to being sentenced under the Act as he "understood" he could be confined up to 6 years if so sentenced. The terms of confinement under the Act were explained to appellant by the court and appellant's counsel. However, appellant still objected and asked the court if he could withdraw his plea of guilty and have a trial, stating then that he was not guilty of the charge. Appellant's request was denied and he was sentenced under the Act.

On this appeal appellant contends the trial court erred in accepting his plea of guilty after informing him that he could receive up to 360 days in jail but without informing him that he might also be sentenced under the Act and be confined for more than 360 days.

In Harvin v. United States, D.C.App., 245 A.2d 307 (1968), we held that the trial

court has jurisdiction to impose sentence under the Act.[2] Harvin was sentenced after trial and conviction on his plea of not guilty, but in note 11 and 311, we took occasion to say that a defendant may challenge a plea of guilty if prior to acceptance of his plea he is not informed of the possibility of a longer confinement under the Act, citing Carter v. United States, 113 U.S.App.D.C. 123, 306 F.2d 283 (1962). The question in *Carter* was very similar to the one here, except that Carter had not moved in the trial court to withdraw his plea. Without expressly deciding the question, the court held that as the record there did not disclose that Carter had in fact relied on the trial court's explanation that the maximum punishment for the misdemeanor was 1 year, the case should be remanded to the trial court, with permission to Carter to move to withdraw his plea of guilty.

We think the clear implication in *Carter* is that if the trial court accepts a plea of guilty after informing the defendant that the maximum penalty which may be imposed is 1 year but does not inform him that he may be sentenced under the Act and confined for more than 1 year, the defendant when faced with sentence under the Act may withdraw his plea of guilty. This is the express holding in several of the circuits. See James v. United States, 388 F.2d 453 (5th Cir. 1968); Johnson v. United States, 374 F.2d 966 (4th Cir. 1967); Harper v. United States, 368 F.2d 53 (10th Cir. 1966); Freeman v. United States, 350 F.2d 940 (9th Cir. 1965); Pilkington v. United States, 315 F.2d 204 (4th Cir. 1963).

■ The reason underlying this holding is that since a plea of guilty is in effect a conviction it should not be accepted by the court "unless made voluntarily after proper advice and with full understanding of the consequences."[3] An understanding

---

2. The United States Court of Appeals allowed Harvin an appeal and his case is now pending in that court.

3. Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009

(1927). *See, e. g.*, Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L. Ed. 309 (1948).

of the consequences of the plea includes knowledge of the penalties which the defendant may receive. The present Rule 11 of the Federal Rules of Criminal Procedure expressly recognizes this and requires that the court personally address the defendant and determine "that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."[4] The present Criminal Rule 11 of the trial court, effective January 1, 1970, is quite similar to the Federal Rule. The trial court's Criminal Rule 9, in effect at the time appellant made his plea, required the court to determine if the plea was made voluntarily with understanding of the nature of the charge, but did not expressly require the court to determine if defendant was aware of the consequences of his plea. However, as we read the decided cases, if the plea is voluntary it must be made with the knowledge of the consequences, and the current rules merely restate the case law.

We think no purpose would be served by remanding this case for a hearing to determine whether appellant, when entering his plea of guilty, knew the consequences of his plea. The record before us demonstrates clearly that the appellant was not informed of the possibility of being sentenced under the Act at the time the court accepted his plea. The judgment appealed from is vacated and the case remanded to the trial court with instructions to permit appellant to withdraw his plea of guilty, provided he promptly moves so to do. In the event he fails so to do, the conviction will be reinstated.

Reversed with instructions.

4. Rule 11, the Supreme Court has recently said, "is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas." McCarthy v. United States, 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969).