**Maurice N. WHITTINGTON, Appellant,**

v.

**Dale C. CAMERON, M. D., Superintendent, St. Elizabeths Hospital, Appellee.**

**No. 18808.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 11, 1965.

Decided March 18, 1965.

---

Mr. Daniel I. Sherry, Washington, D. C. (appointed by this court), with whom Mr. Peter J. Dooley, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Peter S. Smith, Atty., Dept. of Justice, of the bar of the Supreme Court of New Hampshire, pro hac vice, by special leave of court, with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Mrs. Ellen Lee Park, Asst. U. S. Attys., were on the brief, for appellee. Mr. Anthony A. Lapham, U. S. Atty., also entered an appearance for appellee.

Before Bazelon, Chief Judge, and Danaher and McGowan, Circuit Judges.

PER CURIAM:

This is a suit to collect the $500 penalty prescribed by 16 D.C.Code § 1904 [1] (Supp. IV, 1965), formerly 16 D.C.Code § 804, to be forfeited by any person who neglects or refuses to respond to a writ of habeas corpus. On September 19, 1962, while in St. Elizabeths Hospital pursuant to 24 D.C.Code § 302,[2] appellant applied for a writ of habeas corpus to issue to Dr. Overholser, the then superintendent. A show cause order was issued and served upon Dr. Overholser, returnable not later than September 28. When no return was made on or before that day, the writ was issued and served October 2, returnable October 8. Appellant had been returned to the D.C. Jail on October 1, however, and a late return was made that day to the show cause order, reciting the decision to release appellant from St. Elizabeths. On October 4, Dr. Overholser retired as superintendent of St. Elizabeths, and was succeeded by appellee, Dr. Cameron, on October 9. On October 8, the return day of the writ, it was represented to the court that appellant was no longer in the custody of St. Elizabeths, and on October 15 the proceeding was terminated by dismissal. The appeal before us is not from this action, but from a dismissal of appellant's suit against Dr. Cameron to recover the $500.

It is argued to us that the forfeiture statute should be construed as extending to the situation where, instead of responding to a show cause order issued upon the filing of a habeas corpus petition, the custodian acts to transfer the prisoner out of his custody, thereby disabling himself from producing the body if and when the writ issues. But, in the circumstances of this case, the individual charged with having done just this is Dr. Overholser, not Dr. Cameron.[3] The actions of which appellant complains all took place before Dr. Cameron became superintendent.

---

1. 16 D.C.Code § 1904:
   "If an officer or other person to whom a writ of habeas corpus is directed neglects or refuses to:
   "(1) make return of the writ; or
   "(2) bring the body of the person detained—according to the command of the writ, he shall forfeit to the person detained the sum of $500, and be liable to attachment and punishment as for a contempt."

2. This statute provides for the transfer to St. Elizabeths by the D. C. Department of Corrections of jail inmates who become mentally ill. Appellant's transfer under this authority had been effected on May 9, 1960.

3. The Government points out that Dr. Overholser's seeming disregard of the show cause order is more apparent than real and, in any event, does not have the element of culpability with which the forfeiture statute is concerned. The argument is that, since appellant was a jail prisoner when committed to St. Elizabeths, the relief he was seeking in habeas corpus would merely have returned him to the jail as distinct from setting him free. Thus, so it is said, what Dr. Overholser did was simply to grant the relief sought without resistance. In the view we take of this appeal, we need not reach this point.

■ We think the clear purpose of Section 1904 is to impose a personal, as distinct from an official, liability. The face of the statute certainly sustains this reading; the penalty therein provided is incurred by "an officer or *other* person" (emphasis added) who fails to respond to the writ. Our examination of the legislative history of that provision has disclosed nothing to make us doubt that it means what it appears to say. Moreover, such a construction effectuates the purpose of the statute, which is to ensure that the writ will not be arbitrarily ignored by the person to whom it is directed.

Affirmed.