Gloria Elanie AUSTIN, a/k/a Brenda Johnson, a/k/a Gloria Arlene Austin, a/k/a Gloria Lucas, Appellant,

v.

UNITED STATES, Appellee.

No. 6531.

District of Columbia Court of Appeals.

Argued Oct. 17, 1972.

Decided Jan. 24, 1973.

**546**

Myrna Sharon Raeder, Washington, D. C., for appellant.

Paul L. Friedman, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, Oscar Altshuler, and Peter R. Reilly, Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and PAIR and HARRIS, Associate Judges.

PAIR, Associate Judge:

This case is before the court on appeal from an order denying post-conviction relief sought by appellant pursuant to D.C. Code 1967, § 23–110(a) (Supp. V, 1972).

Arrested and charged with soliciting for the purpose of prostitution,[1] appellant on December 19, 1969, entered a plea of guilty, and on February 26, 1970, was placed on probation for one year. On December 4, 1970, appellant was again arrested and charged with soliciting for the purpose of prostitution, and on December 15, 1970, she entered a plea of guilty. The trial court on December 23, 1970, revoked probation in the first case and then sentenced appellant in both cases under the Federal Youth Corrections Act (the Act), 18 U.S.C. § 5010(b), for an indefinite period. The court, however, suspended the execution of the sentences and, pursuant to the Act, 18 U.S.C. § 5010(a), placed appellant on probation for two years.

In October 1971 the court, after a hearing, revoked appellant's probation and ordered her committed in execution of the sentences imposed under the Act. Challenging the jurisdiction of the Superior Court to sentence her under the Act, appellant moved to vacate the sentences contending that a sentence of over six months' imprisonment cannot constitutionally be imposed for a petty offense[2] for which there is no right to a jury trial. In a well-reasoned opinion, with which we concur, the trial court denied the relief sought. This appeal followed.

Appellant now renews her attack on the sentences urging, in addition, that even if the sentences are constitutionally permissible they should nevertheless be vacated because facilities for the varieties of treatment required by the Act[3] are presently inadequate.[4] We affirm.

█ █ It is apparently conceded that since the maximum penalty for the offense of soliciting for the purpose of prostitution is a fine of $250 and/or 90 days' imprisonment, appellant had no statutory right to a jury trial.[5] Moreover, she had no constitutional right to a jury trial since the offense was not a jury triable offense at common law,[6] and also because it is a "pet-

---

1. D.C.Code 1967, § 22–2701.

2. 18 U.S.C. § 1(3).

3. *See* 18 U.S.C. § 5011.

4. We have no occasion to pass upon this contention—defense counsel, at oral argument, having conceded that the point would be more appropriately made to the trial court under D.C.Code 1967, § 16–1901 (Supp. V, 1972). *Cf.* Mordecai v. United States, 137 U.S.App.D.C. 198, 421

F.2d 1133 (1969), cert. denied, 397 U.S. 977, 90 S.Ct. 1098, 25 L.Ed.2d 272 (1970) ; Freeman v. United States, 103 U.S.App.D.C. 15, 254 F.2d 352 (1958).

5. D.C.Code 1967, § 22–2701; D.C.Code 1967, § 16–705. *See also* D.C.Code 1967, § 16–705(b) (Supp. V, 1972).

6. *Accord*, Bailey v. United States, 69 App. D.C. 25, 98 F.2d 306 (1938). *See also* Gaithor v. United States, D.C.App., 251 A.2d 644 (1969).

ty offense," [7] of insufficient infamy to require a jury trial.[8] It is clear, of course, that the Act is applicable to the District of Columbia,[9] and that the trial court has jurisdiction to sentence under its provisions for a misdemeanor,[10] including a petty offense. Brisco v. United States, 368 F.2d 214 (3d Cir. 1966).

■ ■ The thrust of appellant's argument is that where there is no right to a jury trial there can be no sentence of imprisonment for a greater period than six months. We agree. Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed. 2d 437 (1970). Relying upon Dobkin v. District of Columbia, D.C.App., 194 A.2d 657 (1963), and its progeny, appellant's reasoning is that, having been committed to the custody of the Attorney General for an indefinite period up to six years, the effect was to enlarge the sentence that could permissibly be imposed upon her, absent an opportunity to demand a jury trial. We disagree.

A similar challenge bottomed on *Dobkin* was rejected by this court in Harvin v. United States, D.C.App., 245 A.2d 307 (1968). See also Harvin v. United States, 144 U.S.App.D.C. 199, 445 F.2d 675 (1971) (en banc), cert. denied, 404 U.S. 943, 92 S.Ct. 292, 30 L.Ed.2d 257 (1971).

The basic flaw in appellant's argument is in the assumption that she is imprisoned at all. In the terms of the Act, she has "in lieu of the penalty of imprisonment" been sentenced "for treatment and supervision . . . ." [11] In this connection, it has been held consistently that such disposition is not a sentence to imprisonment and that it is nonpunitive. As we said in Harvin v. United States, D.C.App., 245 A.2d 307, 309 (1968), aff'd, 144 U.S.App.D.C. 199, 445 F.2d 675 (1971) (en banc), cert. denied, 404 U.S. 943, 92 S.Ct. 292, 30 L.Ed.2d 257 (1971):

> [T]he basic theory of [the] Act is rehabilitative and in a sense this rehabilitation may be regarded as comprising the *quid pro quo* for a longer confinement but under different conditions and terms than a defendant would undergo in an ordinary prison.

*See also* Carter v. United States, 113 U.S. App.D.C. 123, 125, 306 F.2d 283, 285 (1962). Indeed, depending of course upon her own good conduct, appellant may be released conditionally at any time and, at the expiration of one year from such release, discharged without the burden of a criminal record.[12]

■ The trial court recognized that the sentences did not change the character of the petty offenses, and that the rehabilitative purposes of the Act justified and constitutionally permitted a lengthier period of deprivation of liberty than would otherwise be allowable.[13] We reject, therefore, the contention that because appellant—charged as she was with a petty offense—was not

---

7. 18 U.S.C. § 1. *See* Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 219–220, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968). *See also* Rollerson v. United States, 119 U.S.App.D.C. 400, 343 F.2d 269 (1964).

8. *District of Columbia v. Clawans*, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937). *See also* Harvin v. United States, 144 U.S. App.D.C. 199, 445 F.2d 675 (1971) (en banc), cert. denied, 404 U.S. 943, 92 S.Ct. 292, 30 L.Ed.2d 257 (1971).

9. 18 U.S.C. § 5024.

10. *See* United States v. Lewis, 145 U.S. App.D.C. 93, 447 F.2d 1262 (1971).

11. 18 U.S.C. § 5010(b).

12. *See* Tatum v. United States, 114 U.S. App.D.C. 49, 51, 310 F.2d 854, 856 (1962). *See also* 18 U.S.C. § 5021.

13. The Government suggests that not only is a sentence under the Youth Corrections Act permissible for violation of § 22–2701, but that § 22–2703 expresses the congressional view that rehabilitation for the offense is highly favored. Today we pass only upon the legality of the sentences imposed, not upon their wisdom. *Cf.* Foster v. United States, D.C.App., 290 A.2d 176 (1972).

entitled to a jury trial, she could not be sentenced under the Act.

■ While we thus conclude that the order denying the attack upon the commitment must be affirmed, we would be remiss if we did not express our concern respecting a collateral issue raised by appellant in her brief and by her counsel at oral argument. It was represented to us that appellant has spent a period of many months in the Women's Detention Center, which is not a certified facility under the Act, 18 U.S.C. § 5011. The record before us does not reflect the full facts, nor do we have any explanation for the length of time which appellant has spent in that adult facility. Nonetheless, since the rationale for the deprivation of a youth offender's liberty is treatment, the basic purposes of the Act obviously are frustrated when an offender is denied treatment as contemplated by the Act.[14] While some delays in the transfer of an offender to a certified facility are inevitable, they should not be permitted to become protracted. If the length of an offender's detention in an adult facility becomes unduly long, the appropriate means of seeking relief is the submission to the trial court of a petition for a writ of habeas corpus pursuant to D.C.Code 1967, § 16–1901 (Supp. V, 1972).

Accordingly, the order of the trial court, insofar as it adjudicates the legality of the sentences, is affirmed without prejudice to appellant's right to seek relief pursuant to D.C.Code 1967, § 16–1901 (Supp. V, 1972).

So ordered.

14. We are unimpressed by the Government's response that improvements in the non-certified correctional facility render confinement therein acceptable. The very language of the Act envisions confinement in a certified facility and implies a strong disfavor of the confinement of any person committed under the Youth Corrections Act in a prison or detention facility for any extended period.