**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alvin HUNT, Defendant-Appellant.**

**No. 80–5180.**

United States Court of Appeals, Sixth Circuit.

Argued April 9, 1981.

Decided Sept. 23, 1981.

---

Thomas V. Wilhelm, F. Randall Karfonta, Detroit, Mich., for defendant-appellant.

James K. Robinson, U. S. Atty., John N. Thompson, Jr., Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before KEITH, MERRITT and BOYCE F. MARTIN, Jr., Circuit Judges.

KEITH, Circuit Judge.

This case presents an issue of whether a defendant who is charged with a petty offense is entitled to a jury trial by virtue of being subject to sentencing under the Federal Youth Corrections Act. We conclude that no jury right exists, and affirm District Judge Guy's decision.

## FACTS

On August 28, 1979, a federal grand jury indicted defendant-appellant Alvin Hunt for assaulting various federal officers. Hunt was serving a sentence at the Federal Correctional Institution at Milan, Michigan when he apparently got into a fight with several prison guards. Hunt was indicted under 18 U.S.C. § 111,[1] which defines a felony. Upon reconsideration in January of 1980, the government concluded that the interests of justice did not require a felony disposition of the case. Accordingly, the government dismissed the felony indictment and charged Hunt with three counts of simple assault in violation of 18 U.S.C. § 113(e) and one count of assault by striking, in violation of 18 U.S.C. § 113(d).[2]

Hunt demanded a jury trial. His counsel argued that Hunt was subject to possible

---

1.  18 U.S.C. § 111 provides:

Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

2.  18 U.S.C. § 113 creates six separate categories of assaults:

§ 113. Assaults within maritime and territorial jurisdiction.

Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

(a) Assault with intent to commit murder or rape, by imprisonment for not more than twenty years.

(b) Assault with intent to commit any felony, except murder or rape, by fine of not

sentencing under the Federal Youth Corrections Act, 18 U.S.C. § 5005 *et seq.* and that this possibility triggered a constitutional right to trial by jury. The district court denied the jury trial motion. The case proceeded to trial before the district court. The court found Hunt guilty of one count of simple assault,[3] and sentenced him to three months in prison, to be served consecutively to the sentence Hunt was already serving. The court also concluded that Hunt would not benefit from treatment under the Youth Corrections Act, and did not sentence him under the Act.

## I

On appeal, the sole question raised is whether Hunt was entitled to a jury trial. The Supreme Court has held that there is a constitutional right to a jury trial in all cases except those involving "petty offenses." *See, e. g. Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); *Dyke v. Taylor Implement Co.,* 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968). In *Baldwin* the Court held that no crime which subjected a defendant to more than six months imprisonment could ever be "petty." However, this does not mean that all offenses punishable by six months or less in prison are automatically "petty." A court must analyze the offenses charged with a view toward "the seriousness with which society regards the offense." *Bald-*

*win, supra,* 399 U.S. at 68, 90 S.Ct. at 1888. *See Duncan v. Louisiana,* 391 U.S. 145, 160–61, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491 (1968); *United States v. Stewart,* 568 F.2d 501, 502–03 (6th Cir. 1978).

In *United States v. Stewart, supra,* this court analyzed 18 U.S.C. § 113(d) and concluded that a defendant charged under that provision did not have a right to a jury trial. That decision controls here.[4]

The defendant seeks to distinguish our decision in *United States v. Stewart, supra,* by arguing that the sentencing provisions of the Youth Corrections Act, 18 U.S.C. § 5005 *et seq.,* convert the simple assault charge into a crime requiring a jury trial. The Youth Corrections Act is a sentencing law which enables a district judge to sentence a Youthful Offender to the custody of the attorney general for treatment and supervision for a period not to exceed six years. 18 U.S.C. §§ 5010; 5017. However, sentencing under the Act is not mandatory and can only occur if the offender is under the age of 26 and the district court elects to pursue this sentencing option. 18 U.S.C. § 4216. Hunt was 20 years old when he was convicted, and was clearly eligible to be sentenced under the Youth Corrections Act. Based on this contingency, the defendant argues that under *Baldwin, supra,* he was clearly entitled to a jury trial.

We cannot agree with the defendant's claim. The aim of the Youth Correc-

more than $3,000 or imprisonment for not more than ten years, or both.

(c) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by fine of not more than $1,000 or imprisonment for not more than five years, or both.

(d) Assault by striking, beating, or wounding, by fine of not more than $500 or imprisonment for not more than six months, or both.

(e) Simple assault, by fine of not more than $300 or imprisonment for not more than three months, or both.

(f) Assault resulting in serious bodily injury, by fine of not more than $10,000 or imprisonment for not more than ten years, or both.

**3.** On the government's motion, two of the four counts were dropped at the beginning of trial. The court acquitted Hunt on the third count.

**4.** The defendant makes a variety of arguments in an attempt to distinguish our decision in *Stewart.* Defendant argues that the fact that the assault took place in a prison makes the charge serious and not "petty" since the maintenance of order in a prison is important to society. The defendant also argues that a conviction of a prisoner for assault has collateral consequences in that the prisoner might be denied parole and might be treated more harshly by the prison guards. Suffice it to say that these distinctions do not alter our analysis in *Stewart* and do not convert a simple assault into a serious crime for jury trial purposes. Carried to its logical extent, defendant's analysis would preclude the commission of a petty offense in jail.

tions Act is not to punish, but to rehabilitate. The Act is meant to be an alternative to punishment. Sentencing under the Act is distinguishable from an ordinary prison sentence. First, the Act authorizes probation, 18 U.S.C. § 5010(a) and conditional release from prison, 18 U.S.C. § 5017(a), at any time. Thus, the period of treatment proscribed for the defendant may well end with no confinement at all. Second, the Act requires that youth offenders be segregated from adult offenders. 18 U.S.C. § 5011.[5] Third, only those institutions which the Director of the Bureau of Prisons certifies as proper and adequate treatment facilities may be used to house youth offenders. 18 U.S.C. § 5012. Finally, the conviction of the youth offender may be set aside upon unconditional release, thus removing the stigma of the criminal conviction. 18 U.S.C. § 5021. Given these provisions, we do not view possible confinement under the Act as an increase in the penalty for the substantive offense charged. We do not believe that eligibility for sentencing under the Youth Corrections Act converts a petty offense into a crime requiring a jury trial.[6]

## II

■ Notwithstanding our holding in Part I, *supra*, we are aware that the Youth Offender Act has generated controversy, and that at times the Act has not been implemented as Congress desired. *See Johnson v. Bell*, 487 F.Supp. 977 (E.D.Mich.1980); *Watts v. Hadden*, 469 F.Supp. 223 (D.Colo. 1979); *Brown v. Carlson*, 431 F.Supp. 755 (W.D.Wis.1977). Indeed, some defendants are strongly opposed to being sentenced under the Act. *See United States v. Amidon*, 627 F.2d 1023 (9th Cir. 1980).

We find it incongruous that an adult defendant convicted under 18 U.S.C. § 113(e) can be sentenced to a maximum of three months in prison, while a youth offender could receive and serve up to six years under the Youth Corrections Act in the name of rehabilitation.[7] The Court of Appeals for the Ninth Circuit has examined this incongruity and has concluded that Congress meant to remedy it in the Federal Magistrate Act of 1979, 18 U.S.C. § 3401 (1980). *United States v. Amidon, supra.* The Ninth Circuit construed the Federal Magistrate Act as barring a district court from sentencing a youth to a longer term under the Youth Corrections Act than the court could normally impose on an adult. We endorse the Ninth Circuit's analysis, which we reproduce at the margin.[8] Thus, even assuming that a sentence under the Act would be deemed to be additional pun-

---

**5.** *But see Outing v. Bell*, 632 F.2d 1144 (4th Cir. 1980); *Abernathy v. United States*, 418 F.2d 288 (5th Cir. 1969). *Cf. United States ex rel. Dancy v. Arnold*, 572 F.2d 107 (3d Cir. 1978).

**6.** Our analysis is in accord with that of the sole court to consider this question, *Austin v. United States*, 299 A.2d 545 (D.C.Cir.1973). *See also United States v. Leming*, 532 F.2d 647 (9th Cir. 1975) (2–1 decision), *cert. denied*, 424 U.S. 978, 96 S.Ct. 1485, 47 L.Ed.2d 749 (1976) (guilty pleas waived challenge to sentence under Youth Corrections Act which was longer than sentence defendants could have received as adults) (citing cases); *Harvin v. United States*, 445 F.2d 675 (D.C.Cir.) (en banc), *cert. denied*, 404 U.S. 943, 92 S.Ct. 292, 30 L.Ed.2d 257 (1971) (possibility of six-year sentence under the Youth Corrections Act did not convert misdemeanor into an "infamous crime" within the meaning of the 5th Amendment's grand jury indictment clause; confinement under the Youth Corrections Act is rehabilitative and non-punitive.)

**7.** This is especially true in light of evidence that the rehabilitative aspects of the Youth Corrections Act are simply unobserved. *See United States v. Amidon*, 627 F.2d 1023, 1026 (9th Cir. 1980), *citing* Partridge, Chaset and Eldridge, "The Sentencing Options of Federal District Judges", 84 F.R.D. 175, 200 (1980); *United States v. Leming, supra*, 532 F.2d at 652–55 (Weigel, J. dissenting).

**8.** The Ninth Circuit stated:

Congress acted to eliminate the inequities between youth and adult sentencing in 1979, when it adopted legislation authorizing extensive civil and criminal jurisdiction for magistrates. Under the Federal Magistrate Act, a magistrate, with the consent of the parties, may perform many of the duties of a district court judge. Sentencing misdemeanants is one of these duties. Congress eliminated any possibility of unequal sentencing by a magistrate with the following provision:

The magistrate may, in a case involving a youth offender in which consent to trial be-

ishment for purposes of a jury trial, that sentence could not exceed the six or three month sentence an adult could receive under 18 U.S.C. §§ 113(d) and (e). Accordingly, as an alternative holding, we rule that no jury trial right existed in this case because the district court could not have sentenced the defendant to more than three months in prison under the Youth Corrections Act in any case.

For the reasons outlined above, the judgment of the district court is affirmed.

MERRITT, Circuit Judge, concurring.

I concur in Part II of the Court's opinion, but not in that portion of Part I that would allow a youth offender to be sentenced under the Youth Corrections Act for a period exceeding six months without according him the right to a jury trial. The Court reasons apparently that since the purpose of a sentence under the Youth Corrections Act is rehabilitation rather than retribution or deterrence the constitutional provision requiring a jury trial does not apply—even when the youth is sentenced to six years in prison. I disagree with this reasoning because I believe that, whatever the label or euphemism given to describe the imprisonment, the constitutional provisions granting the right of trial by jury in criminal cases

---

fore a magistrate has been filed . . . , impose sentence and exercise the other powers granted to the district court . . . , except that —(1) the magistrate may not sentence the youth offender to the custody of the Attorney General . . . for a period in excess of 1 year for conviction of a misdemeanor or six months for conviction of a petty offense. 18 U.S.C. § 3401(g).

The legislative history makes clear Congress' disturbance at the potential sentencing disparities:

To avoid the possibility of a youth offender being punished for up to six years for a violation of a petty offense or misdemeanor, the conferees resolved that no youth offender could serve a longer sentence under the Youth Corrections Act than he could have served as an adult. This mandate—no more than one year for conviction of a misdemeanor or six months for conviction of a petty offense—explicitly is set forth in the conference substitute.

House Conf.Rep.No.96–444 at 9–10, [1979] U.S. Code Cong. & Admin.News, pp. 1469–1490.

---

applies whenever the sentence may exceed six months. Passing fashion and jargon in penology, or the fact that a judge thinks that he is sending a defendant to jail for his own good, do not alter the right to a jury trial.

See also *United States v. May*, 622 F.2d 1000, 1004 (9th Cir. 1980) (where the court upheld prosecution by information rather than indictment because the district court had issued an order finding that it would be inequitable to sentence any of the defendants to confinement under YCA as such confinement might greatly exceed six months, the maximum statutory punishment for the offense charged). ▮ We see no reason why a defendant who happens to be sentenced by a district court judge instead of by a magistrate should be subject to the potential inequity of indeterminate YCA sentencing nor why Congress would have intended such a result. We, therefore, find it implicit in the Federal Magistrate Act of 1979 that Congress intended that neither a district court judge nor a magistrate may sentence a youth under the Youth Corrections Act to a term of confinement longer than it could impose on an adult.

*United States v. Amidon, supra*, 627 F.2d at 1025–26.