**Michelle M. TOLSON, a/k/a Michelle Perry, Appellant,**

v.

**UNITED STATES, Appellee.**

Nos. 81–602, 81–836.

District of Columbia Court of Appeals.

Argued April 1, 1982.
Decided July 8, 1982.

William J. Mertens, Public Defender Service, Washington, D. C., for appellant.

E. Anne McKinsey, Asst. U. S. Atty., Washington, D. C., with whom Stanley S. Harris, U. S. Atty., and John A. Terry, John R. Fisher, and Christopher A. Myers, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KERN and FERREN, Associate Judges.

FERREN, Associate Judge:

Appellant, Michelle M. Tolson, was charged with two misdemeanors, possession of heroin in violation of the Uniform Narcotics Act, D.C.Code 1973, § 33–402, and violation of the Bail Reform Act, D.C.Code 1973, § 23–1327. She pled guilty to both charges and was committed for a 60-day evaluation to determine whether she should be sentenced under the Federal Youth Corrections Act (FYCA), 18 U.S.C. §§ 5005–5026. After the study was completed, the court committed appellant to an indeterminate FYCA sentence, 18 U.S.C. § 5010(b), to be served at the Federal Correctional Institution in Alderson, West Virginia. Soon thereafter, appellant submitted a *pro se* motion to reduce sentence, which the court denied. She then filed, by way of counsel, a motion to correct an illegal sentence for each conviction, in accordance with Super.Ct.Crim.R. 35(a). These motions also were denied, and this appeal followed.

Appellant contends that she cannot legally be committed for a period of up to four years confinement, or six years of supervision, as a youth offender under FYCA § 5010(b), when the maximum adult sentence for the same offense would be less than one year. She concedes that this court repeatedly has upheld the constitutionality of sentencing youth offenders to confinement for a longer period than the maximum term an adult could serve for the same crime. *Austin v. United States*, D.C. App., 299 A.2d 545, 547 (1973); *Harvin v. United States*, D.C.App., 245 A.2d 307, 308–09 (1968), *aff'd per curiam*, 144 U.S.App. D.C. 199, 445 F.2d 675 (en banc), *cert. denied*, 404 U.S. 943, 92 S.Ct. 292, 30 L.Ed.2d 257 (1971); *see Carter v. United States*, 113 U.S.App.D.C. 123, 125, 306 F.2d 283, 285 (1962). Her challenge, however, is not a constitutional one. Instead, she asserts that Congress, in its recent amendment to the Federal Magistrate Act, 18 U.S.C. § 3401, changed the law, and, as a consequence, no youth currently may serve a longer term under the FYCA than the maximum an adult would serve for the same offense. While appellant acknowledges that the Federal Magistrate Act itself refers only to the sentencing authority of federal magistrates, she asserts that its implicit purpose is to limit the sentencing discretion of trial judges as well.

Two United States Courts of Appeals recently have adopted that analysis. *United States v. Hunt*, 661 F.2d 72, 75–76 (6th Cir. 1981); *United States v. Amidon*, 627 F.2d 1023, 1026–27 (9th Cir. 1980). Appellant urges that, absent a contrary decision by the United States Court of Appeals for the District of Columbia Circuit, we should defer to the interpretation of the federal courts in *Amidon* and *Hunt*.

After reviewing the legislative history, we are not persuaded that Congress intended to amend the Federal Youth Corrections Act with the 1979 amendment to the Federal Magistrate Act. We therefore agree that the trial court properly committed appellant under FYCA § 5010(b).

## I.

We begin with a brief review of the relevant statutes. Adopted in 1950, the

Federal Youth Corrections Act was intended to create a means to rehabilitate youths convicted of serious criminal conduct.[1] Congress hoped that, by segregating youth offenders from older, habitual criminals and by providing support and treatment rather than punishment, these youths would be less likely to develop recidivist behavior patterns during the vulnerable period before age 22. H.R.Rep.No.2979, 81st Cong., 2d Sess. 1, *reprinted in* 1950 U.S.CODE CONG. & AD.NEWS 3983.

The FYCA created new sentencing options for the trial judge. The offender may be committed to the custody of the Attorney General for treatment, supervision, and eventual release under §§ 5010(b) and (c) (incorporating §§ 5017(c) and (d), respectively); or, if the judge concludes that commitment is unnecessary, the offender may receive probation under § 5010(a).[2] While the purpose of the Act is to provide additional alternatives for the sentencing judge—and the judge accordingly must con-

sider the potential benefit of FYCA treatment—the final sentencing decision, including any rejection of FYCA alternatives, ultimately rests within sound judicial discretion. *Dorszynski v. United States*, 418 U.S. 424, 436–42, 94 S.Ct. 3042, 3049–52, 41 L.Ed.2d 855 (1974).

Although a youth may be subjected to a period of confinement substantially longer under the FYCA than he or she would serve as an adult, the courts have held this constitutionally acceptable in light of the rehabilitative nature of the sentence:

> [T]he basic theory of [the] Act is rehabilitative and in a sense this rehabilitation may be regarded as comprising the *quid pro quo* for a longer confinement but under different conditions and terms than a defendant would undergo in an ordinary prison.

*Carter, supra* 306 F.2d at 285; *Harvin, supra* at 309. Because the focus of the Act is rehabilitative, however, treatment must be tailored to the individual; the Supreme

---

1. The Act originally did not extend to local crime in the District of Columbia, but in 1952 Congress authorized the Commissioner (now the Mayor) to

    provide its own facilities and personnel or to contract with the Director for the treatment and rehabilitation of youth offenders convicted of offenses under any law of the United States applicable exclusively to the District [of Columbia] . . . .

   An act to extend the Youth Corrections Act to the District of Columbia, Pub.L.No.82–300, 66 Stat. 46 (codified as amended at 18 U.S.C. § 5025(a)).

2. 18 U.S.C. § 5010 provides in relevant part:
   (a) If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation.
   (b) If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Commission as provided in section 5017(c) of this chapter; or
   (c) If the court shall find that the youth offender may not be able to derive maximum benefit from treatment by the Commission

prior to the expiration of six years from the date of conviction it may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter for any further period that may be authorized by law for the offense or offenses of which he stands convicted or until discharged by the Commission as provided in section 5017(d) of this chapter.

\* \* \* \* \* \*

18 U.S.C. § 5017 provides in relevant part:

\* \* \* \* \* \*

(c) A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

(d) A youth offender committed under section 5010(c) of this chapter shall be released *conditionally under supervision not later than* two years before the expiration of the term imposed by the court. He may be discharged unconditionally at the expiration of not less than one year from the date of his conditional release. He shall be discharged unconditionally on or before the expiration of the maximum sentence imposed, computed uninterruptedly from the date of conviction.

Court noted in *Dorszynski, supra,* that "the execution of [the FYCA] sentence [is] to *fit the person, not the crime* for which he is convicted." *Id.* 418 U.S. at 434, 94 S.Ct. at 3048 (emphasis added). Upon release, moreover, the conviction of the youth offender may be set aside to prevent the criminal stigma from frustrating goals of rehabilitation. 18 U.S.C. § 5021. *See Tuten v. United States,* D.C.App., 440 A.2d 1008, 1011 (1982).

In 1979, Congress amended the Federal Magistrate Act, as part of a broader plan of federal court reform designed to create more efficient administration of justice. Federal Magistrate Act of 1979, Pub.L. No. 96–82, 93 Stat. 643 (codified as amended at 18 U.S.C. § 3401.)[3] Before the change, United States magistrates had been empowered to try cases for minor offenses where the maximum penalty was less than one year or $1,000, provided that the defendant consented in writing and waived the right to a jury trial. The 1979 amendment retained the consent requirement while extending the magistrates' jurisdiction to all misdemeanors. The amendment also permitted the use of juries in these proceedings and gave the government the power to petition for removal to the district court upon a showing of good cause.

Most important here, the amendment also clarified the existing doubt about whether magistrates could preside in cases involving youth offenders and juveniles. S.REP.NO. 74, 96th Cong., 1st Sess., 7 *reprinted in* 1979 U.S.CODE CONG. & AD.NEWS 1469, 1475–76. The change made clear they had such power but expressly limited their sentencing authority under the FYCA. Section 3401(g)(1) of the Federal Magistrate Act provides that a magistrate-imposed FYCA sentence cannot exceed the maximum sentence served by the adult offender for the same offense.[4] Similar to §§ 5010 and 5017 of the FYCA, moreover, *see* note 2 *supra,* §§ 3401(g)(2) and (3) of the Federal Magistrate Act provide for conditional release, unconditional discharge, and probation. *See* note 4 *supra.* But these provisions, too, have correspondingly reduced time frames. The conference report explained the § 3401(g) limitations:

The Senate bill and the House amendment thereto both contained provisions setting forth the reach of magistrate sentencing powers under the Youth Corrections Act. The conferees agreed that a more detailed statutory clarification was necessary. To avoid the possibility of a youth offender being punished for up to six years for violation of a petty offense

---

**3.** The purpose of the amendment, as expressed in S.REP.NO.74, 96th Cong., 1st Sess. 1 (1979), *reprinted in* 1979 U.S.CODE CONG. & AD.NEWS 1469, 1469–70 was:

to amend the current jurisdictional provision for U.S. magistrates—[statutes omitted]—in order to further clarify and expand the jurisdiction of U.S. magistrates and improve access to the Federal courts for the less-advantaged. The bill provides for an expansion of the present power of magistrates to dispose of certain minor criminal cases by including all Federal misdemeanors within their jurisdiction . . . .

The Magistrates bill is one in a series of court reform bills that the committee will consider this Congress. The committee's permeating policy in all of these bills will be to bring about a judiciary of the highest quality that can deliver speedy, but reasoned, justice and a system that provides the opportunity for access to the judicial forum for all Americans.

**4.** 18 U.S.C. § 3401(g), as amended, provides:

The magistrate may, in a case involving a youth offender in which consent to trial before a magistrate has been filed under subsection (b) of this section, impose sentence and exercise the other powers granted to the district court under chapter 402 and section 4216 of this title, except that—

(1) the magistrate may not sentence the youth offender to the custody of the Attorney General pursuant to such chapter for a period in excess of 1 year for conviction of a misdemeanor or 6 months for conviction of a petty offense;

(2) such youth offender shall be released conditionally under supervision no later than 3 months before the expiration of the term imposed by the magistrate, and shall be discharged unconditionally on or before the expiration of the maximum sentence imposed; and

(3) the magistrate may not suspend the imposition of sentence and place the youth offender on probation for a period in excess of 1 year for conviction of a misdemeanor or 6 months for conviction of a petty offense.

or misdemeanor, the conferees resolved that no youth offender could serve a longer sentence under the [F]YCA than he could have served as an adult. This mandate—no more than one year for conviction of a misdemeanor or six months for conviction of a petty offense—explicitly is set forth in the conference substitute.

Also, to give guidance to the Bureau of Prisons and to preserve a core concept of the [F]YCA—that rehabilitation should be substituted for retribution for the sentencing of certain types of youthful offenders—the conditional release and unconditional discharge provisions of the [F]YCA are carried forward in the magistrates legislation. In brief, youth offenders sentenced by magistrates shall be released conditionally under supervision no later than 3 months before the expiration of the term imposed by the magistrate, and shall be discharged unconditionally on or before the expiration of the maximum sentence imposed.

H.R.CONF.REP.NO. 444, 96th Cong., 1st Sess. *reprinted in* 1979 U.S.CODE CONG. & AD. NEWS 1487, 1490.

## II.

Appellant's contention rests on one sentence in the conference report.

To avoid the possibility of a youth offender being punished for up to six years for violation of a petty offense or misdemeanor, the conferees resolved that no youth offender could serve a longer sentence under the [F]YCA than he could have served as an adult. [*Id.*]

Although this language supports appellant's position, when we view it in the context of the entire Federal Magistrate Act we cannot attribute to it the sweeping congressional purpose appellant would have us find. At no point does the legislative history purport to amend the FYCA or to alter in any way the jurisdiction of federal district court judges. The court in *Amidon, supra,* suggested that Congress was keenly aware of a breakdown of the rehabilitative purposes of the FYCA and the inequities it created, and

that Congress accordingly sought, through the Federal Magistrate Act, to ameliorate that situation. Respectfully, we disagree, for if that were the case we would find it extraordinary that none of the legislative history mentions this goal. Moreover, if Congress intended drastically to alter the broad purposes of the FYCA and to correct its alleged failures—and thus amend the provisions of FYCA § 5010 and 5017—it presumably would have altered the FYCA directly rather than rely for that purpose on enactment of § 3401(g) of the Federal Magistrate Act.

We find the more plausible reading to be that the Federal Magistrate Act was, fundamentally, an effort to clarify and expand the jurisdiction of federal magistrates. Consistent with this purpose, it is not illogical for Congress to have intended a circumscribed role for magistrates in the complex area of youth corrections, given their limited jurisdiction in other contexts. The wording of the statute supports this narrower reading. Magistrates may

impose sentence and exercise the other powers granted to the district court under [the FYCA] ... *except that ... the magistrate* may not sentence the youth offender ... for a period in excess of 1 year for conviction of a misdemeanor....

18 U.S.C. § 3401(g) (emphasis added). This language reflects an intent to keep the powers of the trial judge under the FYCA intact.

Appellant contends, finally, that a statutory interpretation which limits the sentencing authority of magistrates, but not that of judges, raises constitutional questions. She argues that if this disparity were intended, Congress in effect may have created an impermissible incentive for a defendant to waive the constitutional right to trial by an Article III judge by opting instead for a magistrate with more limited sentencing power. *Cf. United States v. Jackson,* 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968) (Court struck down statute which authorized imposition of death penalty when defendant opted for a jury

trial, but authorized only life imprisonment when defendant elected trial before a judge). According to canons of statutory construction, appellant says, we should adopt an interpretation of the Federal Magistrate Act which avoids this potential constitutional problem.

Appellant's argument rests on the premise that there is a constitutional right to a trial of every federal misdemeanor before an Article III judge. Whatever the merits of that premise as applied to the federal judicial system, it has no application here, for appellant was tried before a judge of the Superior Court and no one disputes the authority of Article I judges to preside in that court. *See Palmore v. United States,* 411 U.S. 389, 400–04, 405 n.13, 93 S.Ct. 1670, 1677–79, 1680 n.13, 36 L.Ed.2d 342 (1973) (Court upheld the prosecution of felonies in the District of Columbia before Article I judges, despite the fact that charges were based on an Act of Congress).

Concluding that the permissibility of disparate treatment between adult and youth offenders under the FYCA is unaffected by the 1979 amendment of the Federal Magistrate Act—except as to FYCA sentences by federal magistrates—we affirm the trial court's denial of appellant's motions to correct her allegedly illegal sentences.[5]

*Affirmed.*

NEWMAN, Chief Judge:

I concur in the results only. *See Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) and *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

---

**5.** Appellant is not without other remedies in the event her FYCA confinement, premised on rehabilitative goals, fails to meet statutory requirements.