UNITED STATES of America,
Plaintiff-Appellant,

v.

Chandra McDONALD, Danny Ray
Taylor, Defendants-Appellees.

Nos. 84–5824, 84–5927.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 1, 1985.

Decided Oct. 25, 1985.

Joe B. Brown, U.S. Atty., William Cohen, argued, Asst. U.S. Atty., Nashville, Tenn., for plaintiff-appellant.

Robert Tucker, Asst. Federal Public Defender, Henry Martin, argued, Nashville, Tenn., for defendants-appellees.

Before ENGEL and JONES, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

NATHANIEL R. JONES, Circuit Judge.

This case presents consolidated appeals by the government from dismissals of probation-violator warrants filed against two youth offenders, who were given suspended sentences and probation under the Federal Youth Corrections Act (YCA), 18 U.S.C. § 5010(a).[1] Chandra McDonald and Danny Taylor were both convicted of misdemeanors and placed on probation for a period in excess of one year. In each case the appellee successfully completed one year of probation, but violated probation in the second year. Each appellee argued in

---

1. The YCA was repealed in the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 218(a)(8), 98 Stat. 2027.

the lower court that, because the maximum period of incarceration would have been one year under *United States v. Hunt*, 661 F.2d 72 (6th Cir.1981), and because the YCA scheme gives credit to an incarcerated YCA offender for time spent on probation, the probation-violator warrants were therefore untimely and inoperative, on the grounds that the maximum sentence had already been served. In each case the district court dismissed the warrants.

On appeal, we are asked to decide whether a district court may sentence a misdemeanant under the YCA to a probation period longer than the maximum period of confinement for an adult misdemeanant. We conclude that these sentences of probation in excess of one year were lawfully imposed, and we further conclude that the credit provisions of 18 U.S.C. § 5017(c) do not apply here. We therefore reverse and remand for further proceedings.

### I.

The aim of the YCA was "not to punish, but to rehabilitate." *United States v. Hunt*, 661 F.2d 72, 75 (6th Cir.1981). The YCA was concerned with treatment and the prevention of repeat offenses. *See* 18 U.S.C. §§ 5014, 5015. Sentencing courts were instructed to consider the needs of the youth offender. For example, § 5010(a) provided that, where a court believed that "the youth offender does not need commitment, it may suspend imposition or execution of the sentence and place the youth offender on probation." Where a court found that some type of confinement would promote the rehabilitative aim of the YCA, it could sentence the offender to an indeterminate sentence of confinement and treatment for up to six years. 18 U.S.C. § 5010(b). Treatment was defined as "corrective and preventive guidance and training." 18 U.S.C. § 5006(f). During an indeterminate sentence of confinement, a rehabilitative program was to be tailored to fit the individual and adapted according to the persons' progress. 18 U.S.C. §§ 5011, 5014, 5015. Part of the program was the segregation of YCA offenders to avoid their association with more hardened inmates, such as habitual adult offenders. *See* 18 U.S.C. § 5011. Once properly treated, the YCA offender could be released on parole at any time in the discretion of the Parole Commission, 18 U.S.C. §§ 5017(a), 5041; 28 C.F.R. § 2.4, or the offender could receive an unconditional release with an expunction of the offender's record. 18 U.S.C. § 5021. It is clear from these provisions that Congress aimed to rehabilitate and restore normal behavior patterns in young offenders, with the goal of preventing youths from becoming habitual offenders. *See* H.R.Rep. No. 2979, 81st Cong., 2d Sess., *reprinted in* 1950 U.S. Code Cong. & Ad. News 3983; *Dorszynski v. United States*, 418 U.S. 424, 433, 94 S.Ct. 3042, 3047, 41 L.Ed.2d 855 (1974).

### II.

In *United States v. Hunt*, 661 F.2d 72 (6th Cir.1981), this court decided that a misdemeanant could not be sentenced under the YCA to a term of confinement longer than the maximum term of confinement for an adult for the same offense, and consequently held that the youth in that case had no right to a jury trial because the maximum sentence of confinement for the offense was three months. 661 F.2d at 75–76. The *Hunt* court was following the Ninth Circuit, which had held that a youth could not be sentenced to a term of confinement under the YCA that exceeded the maximum term of confinement an adult could receive. *See United States v. Amidon*, 627 F.2d 1023 (9th Cir. 1980).

The rationale of the *Amidon* and *Hunt* courts was that the Federal Magistrates Act of 1979, 18 U.S.C. § 3401(g)(1), prohibited magistrates from imposing, under the YCA, sentences exceeding one year's incarceration for youthful offenders guilty of misdemeanors. The courts reasoned that it would be inequitable if the length of the potential sentence would depend on whether the offender was brought before a magistrate or a judge. *See Amidon*, 627 F.2d at 1027. Therefore *Hunt* stated that a

court may not sentence a misdemeanant under the YCA to a term of confinement longer than the maximum sentence of confinement for an adult misdemeanant. 661 F.2d at 75–76 & n. 8.

The Supreme Court has not addressed the issue of YCA sentences for misdemeanants, although in a case focusing on a different aspect of the YCA the Court said that under the YCA "a court is authorized to sentence an offender to an indeterminate YCA term of six years, even if the adult maximum sentence would be a lesser term." *Ralston v. Robinson,* 454 U.S. 201, 206 n. 3, 102 S.Ct. 233, 238 n. 3, 70 L.Ed.2d 345 (1981). That suit involved the question of whether a person who was serving a YCA sentence, and who is sentenced to a consecutive term of adult imprisonment, must receive treatment under the YCA for the remainder of his YCA sentence.

The Ninth Circuit has continued to follow its holding in *Amidon,* although it has limited its applicability to misdemeanants. *See United States v. Lowery,* 726 F.2d 474, 476 (9th Cir.1983), *cert. denied,* — U.S. ——, 105 S.Ct. 133, 83 L.Ed.2d 73 (1984); *United States v. Glenn,* 667 F.2d 1269, 1274 (9th Cir.1982). The Ninth Circuit thus finds that young felony offenders may be sentenced to an indeterminate YCA sentence of six years even if the adult maximum sentence would be a lesser term. This court has reviewed at least one case in which a youth offender convicted of a felony was sentenced to confinement for a period in excess of the maximum sentence for an adult. *See Adams v. Keller,* 736 F.2d 320 (6th Cir.1984) (en banc). In *Adams,* the appellant raised no question concerning the initial sentence imposed, but challenged the determination of the Parole Commission. This court held that the commission did not deprive the offender of due process when it extended his term of confinement beyond the minimum allowed by parole guidelines for youth offenders. 736 F.2d at 323.

First, we conclude that this court's decision in *United States v. Hunt* is inapplicable. The question in this appeal does not involve a term of confinement exceeding the maximum confinement for an adult, but involves a term of probation. The rationale of *Hunt* depended in large part on the fact that a sentence of confinement was at issue, and it must therefore be distinguished. Since we find that the decision in *Hunt* is distinguishable from the case at bar, we do not need to decide, as the government has urged, the question of whether *Hunt* was correctly decided. We note that reaching out and deciding the continuing vitality of the *Hunt* decision is particularly inappropriate at this time since Congress' repeal of the Youth Corrections Act will shortly render the issue moot. Nevertheless, we do not wish to indicate our approval or disapproval of the *Hunt* decision. We note, however, that other courts have disagreed with *Hunt. See United States v. Donelson,* 695 F.2d 583, 585–87 (D.C.Cir.1982); *United States v. Van Lufkins,* 676 F.2d 1189, 1194 (8th Cir.1982).

Second, we must examine the provisions of the YCA. Although the YCA provides for sentences of probation in § 5010(a), it gives no express guidelines on the duration or terms of probation. Section 5023(a) of the YCA incorporates by reference the general probation statute, 18 U.S.C. § 3651. *Durst v. United States,* 434 U.S. 542, 549–52, 98 S.Ct. 849, 853–54, 55 L.Ed.2d 14 (1978). Section 3651 provides that the sentencing court may "place the defendant on probation for such periods and upon such terms and conditions as the court deems best," with the period not to exceed five years.

In addition, the purpose of the YCA must be considered. The YCA was meant to enlarge the sentencing options of federal trial judges rather than restrict them. *Dorszynski v. United States,* 418 U.S. 424, 440, 94 S.Ct. 3042, 3051, 41 L.Ed.2d 855 (1973). Given that the "core concept" of the YCA is rehabilitative rather than retributive, *Durst,* 434 U.S. at 545, 98 S.Ct. at 851, we find that a district court, faced with the decision whether to incarcerate a youthful misdemeanant for one year or to impose probation in excess of one year,

would be justified in choosing probation that exceeds one year.

 For the foregoing reasons, we hold that the two-year probation given to Taylor and the three-year probation given to Mc-Donald were lawfully imposed.

### III.

 An interconnected issue is whether offenders given suspended sentences under § 5010(a) should receive full credit for their probation time against any sentence for confinement. The misdemeanant offenders argue here that they have been on probation for over one year and that, since the maximum incarceration would have been one year under *Hunt*, they have already served the maximum sentence.

The government argues that, upon violation and revocation of probation, no credit for probation time can be given unless an indeterminate sentence under § 5010(b) is imposed. The debate focuses around § 5017(c), which provides that:

A youth offender committed under § 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

This section has been interpreted as having the effect of giving an offender credit on a YCA sentence of incarceration for time spent on probation prior to its revocation. *See Davis v. Markely*, 589 F.2d 784 (4th Cir.1979). If this section does create a credit for probation time, it is clear from the first line of § 5017(c) that the credit applies only to offenders "committed under § 5010(b)" and not to those given suspended sentences and probations under § 5010(a).

The appellees also cite a Parole Commission provision regarding measurement of a YCA sentence, but again the provision does not apply because it refers to the "Service of the sentence of a *committed* youth offender." 28 C.F.R. § 2.10(c) (1984) (empha-

sis added). In light of the statutory and regulatory language, it appears that the government's contentions are correct, and that the full credit for probation time allowed in § 5017(c) is applicable only where the offender received an indeterminate sentence of committal under § 5010(b).

The inapplicability of § 5017(c) does not foreclose the question of whether credit may be given at resentencing for time spent on probation. Although a full set-off may not be available under § 5017(c), a district court should give consideration to a misdemeanant's successful completion of one year of probation upon revocation of probation.

We REVERSE the district courts' dismissals of the probation-violator warrants and REMAND for further proceedings consistent with this opinion.