**In re: Chantharangsy KHAMVONGSA, Appellant.**

**No. 95–FM–153.**

District of Columbia Court of Appeals.

Submitted Oct. 18, 1996

Decided June 19, 1997.

---

Chantharangsy Khamvongsa, filed a brief pro se.

Charles F.C. Ruff, Corporation Counsel at the time the brief was filed, and Lutz Alexander Prager, Assistant Deputy Corporation Counsel, Janet L. Maher, Deputy Corporation Counsel and Diane G. Lucas, Assistant Corporation Counsel, filed a brief for appellee.

Before WAGNER, Chief Judge, and FERREN and STEADMAN, Associate Judges.

WAGNER, Chief Judge:

Appellant, Chantharangsy Khamvongsa, a prison inmate, while serving a sentence, was transferred to St. Elizabeths Hospital on an emergency basis under the provisions of D.C.Code § 24–302 (1996) and Super. Ct. Ment. H.R. 9(j) (1996). The trial court dismissed the petition for Khamvongsa's hospitalization and ordered his return to the Department of Corrections forthwith. When he was not returned immediately, he wrote a letter to an assistant corporation counsel assigned to the hospital, with a copy to the Superior Court, demanding his immediate release and a "true copy of the warrant of commitment or detainer" holding him at the hospital, or alternatively that, "the Commissioner 'forfeit' to [him] the sum of $500" pursuant to D.C.Code § 16–1905 (1996). In this appeal, Khamvongsa challenges the trial court's determination that he was not enti-

tled to forfeiture by the District of Columbia under the statute because there is no warrant or detainer which could be produced and he had been provided with the documents which resulted in his emergency transfer. We affirm.

## I.

Khamvongsa was committed to the District of Columbia Department of Corrections on July 8, 1994 to serve a sentence of fifteen years to life for second degree murder while armed. Upon certification of a psychiatrist that Khamvongsa was mentally ill, and by reason thereof, likely to injure himself or cause substantial disruption to the prison routine, on October 28, 1994, he was transferred to St. Elizabeths Hospital on an emergency basis pursuant to D.C.Code § 24–302 and Super. Ct. Ment. H.R. 9(j). On October 31, 1994, the Deputy Director for Institutions filed with the Superior Court a Petition for Transfer of Khamvongsa, attaching a certificate of a psychiatrist in support thereof in accordance with D.C.Code § 24–302. In the certificate, the psychiatrist expressed the opinion that Khamvongsa was suffering from a mental illness, schizophrenia, and also stated that he appeared to be "... severely depressed and out of touch with reality." The psychiatrist further certified that Khamvongsa was overtly psychotic and at risk for suicide and that "[t]ransfer to a psychiatric hospital is imperative for evaluation and treatment."

On November 2, 1994, the trial court entered an order appointing counsel for Khamvongsa and scheduling a hearing on the petition for November 4, 1994. Copies of the pleadings for emergency hospitalization and the court's order were mailed by the Clerk of the Court to all of the parties. At the hearing on November 7, 1994, the court granted Khamvongsa's motion to dismiss the petition and ordered the United States Marshal's Service to return him to the Department of Corrections "forthwith." However, the Mar-

shal's Service returned him to the hospital instead.

The next day, counsel for Khamvongsa sent a letter to the assistant corporation counsel assigned to the Mental Health Division at the hospital, with a copy to the court, informing him that he had not been returned to the Department of Corrections. Khamvongsa's attorney requested on his behalf his immediate release and a "true copy of the warrant of commitment or detainer now holding him at John Howard Pavilion within six hours or that the Commission forfeit to [Mr. Khamvongsa] the sum of $500 pursuant to D.C.Code § 16–1905." That same day, the court issued a release order for Khamvongsa's transfer to the Department of Corrections. When the transfer was not effectuated by November 9, 1994, the trial court entered another order for the U.S. Marshal's Service to transfer him forthwith from St. Elizabeths to the Department of Corrections.[1] Khamvongsa was finally transferred that day in accordance with the order.

Thereafter, the trial court considered and denied Khamvongsa's request for forfeiture pursuant to D.C.Code § 16–1905. In its written order, the trial court reasoned that, although respondent had made a demand for a copy of the warrant or detainer holding him at the hospital, there was no such document and that he had received copies of the Petition for Transfer and the supporting certificate of the psychiatrist.

## II.

Khamvongsa argues that the trial court erred in denying his request for forfeiture pursuant to D.C.Code § 16–1905 since he did not receive a copy of the warrant of commitment or detainer holding him at John Howard Pavilion within six hours after his demand. D.C.Code § 16–1905 provides that:

A person committed or detained, or a person in his behalf, may demand a true copy of the warrant of commitment or detainer. An officer or other person detaining a person, who refuses or neglects to deliver

---

1. All prisoners convicted of offenses in the District of Columbia, upon sentencing, are committed to the custody of the Attorney General of the United States or his or her authorized representatives. D.C.Code § 24–425 (1996). Transport for such prisoners is provided by the U.S. Marshal's Service.

to him or to a person in his behalf a true copy of the warrant of commitment or detainer, *if one exists,* within six hours after the demand, shall forfeit to the party so detained the sum of $500.

(Emphasis added.) This provision is among those which govern habeas corpus proceedings, under which a detainee may test the legality of confinement. *See Christian v. United States,* 394 A.2d 1, 43 (D.C.1978); *Austin v. United States,* 299 A.2d 545, 548 (D.C.1973). The purpose of § 1905 necessarily is to assure that the detainee is informed promptly of the basis for the detention. However, the express language of § 1905 makes forfeiture available against the officer or person holding the claimant only where a warrant of commitment or detainer exists which is withheld. Here, *no warrant or de-tainer* for Khamvongsa's confinement at St. Elizabeths existed which was withheld.

■■ Khamvongsa was transferred to the hospital on an emergency basis in accordance with D.C.Code § 24–302 and Super. Ct. Ment. H.R. 9(j). Section 24–302 provides for the emergency transfer of a prisoner, who is serving a sentence, to a hospital for care and treatment upon certification by a psychiatrist, designated pursuant to statute, that the prisoner is mentally ill.[2] The psychiatrist's certification under the statute is sufficient to authorize the emergency transfer. D.C.Code § 24–302. The procedures for a prisoner's transfer to a mental hospital are set forth in Super. Ct. Ment. H.R. 9. The prisoner is entitled to notice and a hearing, including a jury trial if requested. *In re Hurt,* 437 A.2d 590, 591 n. 2 (citing *Matthews v. Hardy,* 137 U.S.App. D.C. 39, 44, 420 F.2d 607, 612 (1969), *cert. denied,* 397 U.S. 1010, 90 S.Ct. 1231, 25 L.Ed.2d 423 (1970)). However, emergency transfers may be made without a hearing consistent with the procedures set forth in Super. Ct. Ment. H.R. 9. Such transfers may be made upon a further certification by the psychiatrist that the prisoner is in need of immediate treatment, "provided the petition and certificate for his transfer are filed in the Court not more than 48 hours after the transfer of the prisoner." Neither D.C.Code § 24–302 nor Super. Ct. Ment. H.R. 9 requires a "warrant of commitment or detainer," in the customary sense, for an emergency transfer of a prisoner who is serving a sentence.[3]

■ As the trial court found, Khamvongsa was provided with copies of all documents relevant to his detention at St. Elizabeths Hospital. He had copies of the pleadings which prompted his emergency transfer to the hospital and the psychiatrist's certification in accordance with the requirements of D.C.Code § 24–302 and Super. Ct. Ment. H.R. 9(j), which was sufficient for the emergency transfer. There was no other "warrant or commitment" as such which the Commission on Mental Health or the District could produce.[4] Therefore, the trial court did not err in denying his request for forfei-

2. D.C.Code § 24–302 reads in pertinent part as follows:

   Any person while serving sentence ... in a District of Columbia penal institution, and who, in the opinion of the Director of the Department of Corrections of the District of Columbia, is mentally ill, shall be referred by such Director to the psychiatrist functioning under § 24–106, and if such psychiatrist certifies that the person is mentally ill, this shall be sufficient to authorize the Director to transfer such person to a hospital for the mentally ill to receive care and treatment during the continuance of his mental illness.

3. A "warrant" may be defined as

   a written order directing the arrest of a person or persons, issued by a court, body, or official having authority to issue warrants. RESTATEMENT (SECOND) OF TORTS § 113 (1965). The dictionary definition for detainer is "the restraint of a man's personal liberty against his will." BLACK'S LAW DICTIONARY 449 (6th ed.1990). The word as used in the Interstate Agreement on Detainers, D.C.Code § 24–701 (1996),

   is not a demand for immediate surrender of the prisoner, but only a request from the official lodging the detainer that he be notified before the inmate is released from custody.

   *Christian, supra,* 394 A.2d at 34 (citing *Ridgeway v. United States,* 558 F.2d 357, 360 (6th Cir. 1977)).

4. The District argues that the trial court properly denied the forfeiture request because Khamvongsa did not direct it to the proper party. It contends that a demand to an assistant corporation counsel is insufficient because the statute requires that it be directed to an officer or other person detaining the applicant. *See* D.C.Code § 16–1905; *see also Whittington v. Cameron,* 344 F.2d 564, 566 (D.C.Cir.1965) (interpreting an analogous federal statute as imposing personal liability). In light of our disposition of the case, we need not resolve this issue.

ture against the District under the terms of the statute.[5]

## III.

■ Finally, Khamvongsa argues for the first time on appeal that he is entitled to forfeiture under D.C.Code § 16–1905 by reason of the delay in returning him to the Department of Corrections. Issues not raised in the trial court will not be considered on appeal absent a manifest miscarriage of justice. *Henderson v. District of Columbia,* 493 A.2d 982, 995 (D.C.1985) (citations omitted). That standard for review is not met in this case. In any event, § 16–1905 does not impose forfeiture for failure to move the prisoner within certain time frames. While delays in the transfer of an offender should not be protracted, a reasonable time is permitted to execute court orders or transfers. *See Austin, supra,* 299 A.2d at 548. It appears that any delay in Khamvongsa's transfer back to the Department of Corrections resulted from the failure of the U.S. Marshal's Service to transfer him pursuant to the orders of Superior Court. Khamvongsa's claim, however, is not directed to the U.S. Marshal's Service or any of its officials.

For the foregoing reasons, the order appealed from hereby is

*Affirmed.*

5. We do not understand Khamvongsa's argument to be that he was not provided with a copy of his original order of commitment to the Department of Corrections following sentencing in his criminal case.